

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00309-CV

## IN THE INTEREST OF E.G.S., A CHILD

**From the 361st District Court
Brazos County, Texas
Trial Court No. 15-002631-CV-361**

## ORDER

The Court has reviewed all pending matters[1] and the status of this appeal and issues the following orders:

### C.S.'s Representation

Pursuant to the Court's December 21, 2016 abatement order, the trial court held a hearing on January 4, 2017, in which it (1) determined that Appellant C.S. wishes to proceed with this appeal, (2) declined to appoint an attorney for C.S. on appeal, and (3) advised C.S. that she may retain counsel to represent her on appeal or that she may represent herself. The Court reinstated this appeal on January 31, 2017.

---

[1] Appellee E.S.'s motion to dismiss the appeal, filed December 9, 2016, remains pending.

To date, C.S. has not informed this Court that she has retained counsel to represent her in this appeal, and this Court has not received a notice of appearance from any retained counsel. Unless this Court is notified by C.S. or any retained counsel that C.S. is represented by counsel in this appeal, we will presume that C.S. is representing herself.

If C.S. has retained counsel to represent her in this appeal, she must notify this Court immediately. Retained counsel should also file a notice with this Court stating that he or she represents C.S. in this appeal and should give his or her name, mailing address, telephone number, fax number, if any, email address, and State Bar of Texas identification number.

**Filing Fee**

C.S.'s August 15, 2016 notice of appeal states that she "is presumed indigent and may proceed without advance payment of costs." At the time C.S. filed her notice of appeal, Rule of Appellate Procedure 20.1(a)(3) stated:

> In a suit filed by a governmental entity in which termination of the parent-child relationship or managing conservatorship is requested, a parent determined by the trial court to be indigent is presumed to remain indigent for the duration of the suit and any subsequent appeal, as provided by section 107.013 of the Family Code, and may proceed without advance payment of costs.

This, however, is a private termination suit, not a suit filed by a governmental entity. Therefore, C.S. was not entitled to be presumed indigent or to proceed without advance payment of costs under former Rule 20.1(a)(3). Moreover, C.S. did not file an affidavit of indigence under former Rule of Appellate Procedure 20.1(a)(2) and has not filed a

Statement of Inability to Afford Payment of Court Costs under current Rule of Civil Procedure 145.

C.S. has therefore not established that she is entitled to proceed without payment of costs. A **$205.00** filing fee is thus due from C.S. and should be paid within 21 days from the date of this letter to prevent dismissal. **If C.S. fails either to establish the right to proceed without payment of costs as provided by Rule of Appellate Procedure 20.1 or to pay the required filing fee within 21 days after the date of this order, this appeal will be dismissed without further notification.** TEX. R. APP. P. 20.1, 42.3(c).

## Reporter's Record

The reporter's record in this case has not been filed. The record has apparently not been filed because C.S. has failed to request that it be prepared and because C.S. has failed to pay or make arrangements to pay the reporter's fee for preparation of the record.

If C.S. does not desire to have the reporter's record for this appeal, C.S. must notify the Court within 14 days of the date of this order that the reporter's record will not be requested.

If C.S. desires to have the reporter's record for appeal, then C.S. must request that it be prepared and simultaneously notify this Court of that request within 21 days after the date of this order. If C.S. desires to have the reporter's record for appeal, C.S. must

also pay the reporter or make arrangements to pay the reporter's fee within 21 days of the date of this order.[2]

If the reporter's record is not requested within 21 days, the appeal will proceed on the clerk's record alone. *See* TEX. R. APP. P. 37.3(c)(1). If C.S. fails to pay the reporter or make arrangements to pay the reporter's fee within 21 days, the appeal will proceed on the clerk's record alone. *See* TEX. R. APP. P. 37.3(c)(2).

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed February 22, 2017
Do not publish



---

[2] As explained above, C.S. was not entitled to be presumed indigent or to proceed without advance payment of costs under former Rule of Appellate Procedure 20.1(a)(3). Moreover, C.S. did not file an affidavit of indigence under former Rule of Appellate Procedure 20.1(a)(2) and has not filed a Statement of Inability to Afford Payment of Court Costs under current Rule of Civil Procedure 145. Therefore, C.S. has not established that she is entitled to proceed without payment of costs.